IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUYZAR LLC, | : | |
| Plaintiff, | : : : | C.A. NO. 18-CV-01257 CFC |
| v. | : : | DEMAND FOR JURY TRIAL |
| STUBHUB, INC., | : : | |
| Defendant. | : | |

# SCHEDULING ORDER [PATENT CASE]

This __ day of _____, 2018, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within twenty one days of the entry of an Order on Defendant's pending motion to dismiss.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before February 21, 2019.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before May 7, 2020.

    b. <u>Document Production</u>. Document production shall be completed on or before May 7, 2020.

1

      c.      <u>Requests for Admission</u>. A maximum of <u>20</u> requests for admission are permitted for each side.

      d.      <u>Interrogatories</u>. A maximum of <u>20</u> interrogatories, including contention interrogatories, are permitted for each side.

      e.      <u>Depositions</u>.

          i.      <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>35</u> hours of taking testimony by deposition upon oral examination.

          ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f.      <u>Modifications</u>. Any party may later move to modify these limitations for good cause. The parties may modify these limitations by agreement.

4.      <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

    Any proposed protective order must include the following paragraph:

        <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

2

       preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      5.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party.  By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

      6.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>. On or before December 5, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 12, 2019. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on January 2, 2020. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on January 23, 2020. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on January 30, 2020. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on February 6, 2020. The

text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than February 13, 2020, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff s Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff s Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10. <u>Hearing on Claim Construction</u>. Beginning at 9:30 a.m. on February 20, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering

claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11. <u>Disclosure of Expert Testimony</u>.

   a. <u>Expert Report</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rules 26(a)(2) disclosure of expert testimony is due on or before June 11, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 2, 2020. Reply expert reports from the party with the initial burden of proof are due on or before July 23, 2020. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before August 20, 2020.

   b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12. <u>Case Dispositive Motions</u>.

   a. <u>No early motions without leave</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>September 24, 2020</u>. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

   b. <u>Word limits combined with *Daubert* motion word limits</u>. Each party is

permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each SIDE.  The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

   13.   <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

   14.   <u>Pretrial Conference</u>.  On January 21, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:30 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

   15.   <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     Compendium of Cases.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus.  The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction).  An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium.

17.     Jury Instructions, Voir Dire and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

18.     Trial.   This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on February 22, 2021, with the subsequent trial days beginning at 9:30 a.m.  Until the case

is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE